Today is United States v. Hernandez, and we will begin with Mr. Flores. May it please the Court, good morning. Good morning. I'm Hector Flores. I was appointed to represent Orestes Hernandez in late December of 2021 for his resentencing proceedings before Judge Martinez in the District Court. By this time, Mr. Hernandez had already been sentenced twice, two very lengthy sentences, both of which were subsequently found to be invalid. And so when I was appointed to represent Mr. Hernandez, if I had asked the court clerk or the probation office or the marshals or the Bureau of Prisons, what is Mr. Hernandez's sentence, the answer would have been he has no sentence. I think the trick though, right, one problem is that in the framing that you just posed, you'd be asking what the sentence is, and that the language here is whether a sentence has been imposed, right? Yes, Your Honor. So that's different, right? I mean, the statute doesn't say the sentence. He might not have had the sentence. Right, but I believe that when Congress speaks of a sentence, they're meaning a legitimate sentence, a sentence that's valid. When we read the term a sentence in isolation, don't we have to read it with a sentence that has been imposed or that has not been imposed, I guess? Your Honor, the opposing counsel addressed that issue in much more detail and much more intelligently than I did in my brief, and so I defer that question to them, if that's all right with the court. Sure, I guess my question is simply, regardless of what that may mean, the fact that the term a sentence has been modified by, that has not been imposed, doesn't that mean that we can't just look at the term a sentence in isolation? I think it's a confusing statute, Your Honor, but I'm of the view that a sentence that is vacated is void ab initio. I mean, I think the answer to Judge Rosenbaum's question has to be yes. I'm not sure which way it cuts, but the sentence does say, you know, a sentence that has not been imposed, so you have to understand the the phrase in context, right? I understand. I think that you may say a sentence that has not been imposed means one thing, and the amicus may say that a sentence that has not been imposed may mean another thing, because he may have a different view of what the imposition entails than you do, but the answer to Judge Rosenbaum's question has to be yes, I think. You'd had two sentences imposed, Your Honor. Can I ask a record question? Yes, Your Honor. So when you say two sentences, there was an original one at the time of the, right after the trial, there was a an original direct appeal, and part of one count was vacated, and he was remanded for resentencing, and I think there was a resentencing after that, I think that's 1998 or so, and that's how it stood, 99, and that's how it stood until 2022. Is that about right? I think that's right, Your Honor. Okay. Remind me, what happened, what did the R&R, because that's essentially the effective order here, what did the report and recommendation from Judge Reed actually decide or order here? Your Honor, the the R&R gave Hernandez relief pursuant to the Supreme Court cases in Davis. Did it give full relief on, because he had been convicted of lots of counts. I think it vacated count three, Your Honor. So it vacated one count. Yes, Your Honor. Did it solely vacate that count and nothing else? Is that the language that Judge Reed used? Yes, Your Honor. Does that mean then that we have a completely vacated sentence that's void ab initio, or does that mean that part of it may be out there, but that overall there actually is an imposed sentence until there's a new resentencing under the resentencing package doctrine? I think that it voids the entire sentence, Your Honor. Even just vacating one case? So as I understand the R&R, I have it in front of me. The way that the end, the decretal language, the the last language states is, for the reasons discussed in this report, it is recommended that Moven's motion to vacate be granted in part and denied in part. So a bunch of it was denied and one thing was granted, and then it has like a list of four things. And number one is Moven's section 2255 motion be granted solely to the extent that Moven's conviction and sentence as to count three be vacated. So the only thing, it's solely as to count three the sentence is vacated, and then the motion is denied as to everything else. He's to then be resentenced accordance with Fowler. The judgment is entered and the case is closed, and then the order essentially adopts that. Is that, do I have that right? Yes, Your Honor. Okay. Does that affect the analysis of whether this was, even assuming that you're right, that when it means imposed, it means the actual judgment, and as opposed to the pronouncement of the sentence, but it means the judgment, and that once it's vacated, then it's void ab initio. Does that mean the whole thing is void ab initio, or does that mean that only count three is void ab initio, and then everything else is there and has to be dealt with because of the change in count three? I think everything has to be dealt with because of the change in count three under the sentencing package doctrine, which the government discusses in their reply brief. Does that change at all how we should analyze this, or does that not matter at all? In other words, if one part of it is vacated, even if it's just one of nine counts or one of 11 counts, then that's it? Judge, a resentencing is, it just wipes the original sentencing conduct? I think I agree with you everything after the resentencing, but we're actually talking about the period just before the resentencing. So based on this language and what the district court did, was the only thing that was vacated count three and the sentence regarding count three up until the time of the actual resentence in 2022? I think technically, Your Honor, the entire sentence had been vacated, and so he was an unsentenced defendant at that time. Can I ask you a question? What do you do with our decision in Smith, which is the procedural posture is a little bit different, right? But what we said in Smith seems to track pretty closely. The court there said that, you know, our precedent dictates that a sentence is imposed somewhat unsurprisingly when it is imposed, and then also went on to say when it is court. Like, so what do you do with Smith? Are you asking us really to kind of walk away from Smith or just distinguish Smith? If I could give that some thought, Your Honor, and address it in my rebuttal. Okay, sure. If there's no further questions, I'll pass the microphone. Actually, let me ask you a question. I know you want to address this in your rebuttal, but with respect to Smith, didn't Smith involve the limited question of whether a defendant who was on direct appeal could get the benefit of the First Step Act, even though his sentence had been imposed prior to the cutoff date under the First Step Act? You should answer that question, yes. Yes. And so, wasn't the analysis in Smith for that limited purpose of discussing whether or not the text of the First Step Act applied in that context? I'll let you think about it. You can come up on rebuttal. Thank you, Your Honor. All right. All right. Let's hear from Mr. Knoll. Thank you, Your Honor, and may it please the court, Andrew Knoll on behalf of the United States. In Section 403 of the First Step Act, Congress amended 924 C's mandatory penalties to ensure that the harshest consecutive sentences apply only to genuine recidivists and to provide district courts with greater discretion for other offenders. And Subsection B explains the retroactive reach of that amendment and makes clear that it applies at least to some pre-act offenses. Can I ask a procedural question before you even get into the merits here? This is just out of curiosity. I just don't know the answer to this. When the government is in front of a district court and vociferously advocates for a legal position, and the district court weighs the different legal positions presented to it by the government and the defense, and makes a decision, and you come on appeal and then say everything I said before was wrong and we don't agree with it, do you notify the district court? Do you tell the district court judge, hey, I'm really, really sorry that for a year I advocated for one thing and now I believe something else? So, Your Honor, if the case is still before the district court and the court still has jurisdiction, for example, if there was opportunity for motion for reconsideration or something else, we would do that. Here, a notice of appeal was filed and that divested the district court of jurisdiction, and our change in position... I'm more thinking just a matter. I certainly, like, there's no rule or requirement there, but just as a matter of courtesy or understanding or at least letting the district court know what's going on, is that not something that that DOJ does? We don't, Your Honor. I mean, it will become clear through the course of the appellate proceedings, of course. Our position will set them forth in briefs, and the decision will make that clear, and on remand, of course, we would address any concerns the court has about the change in position, but we don't... Presumably, you are advocating a different position because you now think, based on developments in the law, that your prior position was wrong, and it would be unethical for you to continue to represent a position that you do not think the law supports. Isn't that fair to say? Yes, that is. Okay, and let's get on to the merits of the case. Sure, of course. So, what I would say is, although we acknowledge subsection B is a somewhat cumbersome and unusual provision, we think once the statute's text, context, and purpose is read closely, it makes clear that the statute is asking a present-day court, whether it be a court on appeal, as in Smith, or a court at resentencing, to ask whether, at that time, a sentence has not been imposed for the section 924C offenses, and that's due to at least three different parts of the statutory text, which, when taken together, make that clear. Most importantly is the use of the present perfect tense, which we think makes clear that the court is asked to assess, in the present, something about the status of the offense, and if Congress had meant for courts to look to as a purely historical matter to the prior assessment of an offense, of a sentence, it would have asked in the past or past perfect tense. Is this the has-had distinction? So, yes, this is the has-not or had-not. So, tell me, I just don't think I quite understand this, and maybe you can just help me, but, you know, Congress is writing a statute in real time, so it, I mean, it seems that it would have been totally bizarre for Congress to have written a statute that said something like, if a sentence for the offense had not been imposed as of today. That just seems bizarre. Like, of course it had to say has. I don't think that's right, Your Honor. I think Congress, if it wanted a court to look at a very particular point in time and knows courts is going to be looking at that in the future, so they're going to be looking backwards, it would have made sense for courts to say, you need to look in the past to whether on that date a sentence had been imposed, even if, since then, a sentence is no longer imposed on those. I guess the reason I ask, and you can just tell me if I'm just missing something fundamental, but the section ends, you know, as of the effective date, and it just seems like it would be a very odd framing to say if a sentence for the offense had not been imposed as of today. It just seems like has is sort of the natural language to use in that circumstance without respect to whether this is a present day or a look-back. So, Your Honor, I think that couples both the verb tense with the as-of clause, and with respect to that, let me make clear, I think the meaning of as-of quite clearly is context-specific, and particularly when coupled with a date, it can in fact have opposite meanings. It can either mean before or at the point of, or it can mean from or after. Didn't Judge Barrett deal with this when she was on the Seventh Circuit in Ariarte, that in the grammatical usage, the present perfect tense means that which is now complete or continues up to the present, and if now complete, if imposed does mean pronouncement as opposed to the judgment itself that's vacated, why can't that be perfectly consistent grammatically that the sentence was pronounced and completed one time, a sentence, and now there's something else going on? So, Your Honor, because it's framed in the present, I think we ask at resentencing whether something is now complete or has or has continued up to the present, and at that time, a since vacated sentence is neither complete because it's now been vacated nor continuing. That seems to go to the imposed part, and, you know, whatever the procedural context or the legal issue in Smith, we said that this very section imposed means pronounced. Pronounced seems to be, if the ultimate question for us is do we look as a matter of historical fact or legal effect, that really is what we're talking about here, then pronounced seems to be a historical fact, not something with a legal effect. In the other words, judgments are vacated, but pronouncements can't be vacated. It happened. I pronounce, we are at oral argument today, that you can't vacate what I pronounced. If I enter an order or a judgment, you certainly can vacate that. How do we deal with at least Smith's interpretation of what the word imposed means? So, we agree with that interpretation in the sense that a court, in this case, has thrice imposed a sentence. It's imposed it at the initial sentencing. Okay, wait, wait, wait, wait, wait. I think you might have just given it away. If a court has thrice imposed a sentence, what does the statute say? So, Your Honor, but I would make clear with the use of the present perfect tense, the court is asking a very specific question at resentencing. Has a sentence been imposed? And at that point, a sentence has not been imposed. I thought it had thrice been imposed. I mean, that's... Had been imposed. Your Honor, this is Congress's statute. All it takes is one sentence, any A sentence to have been imposed. Well, if Congress had said had any sentence, has any... Haven't we said A means any? But it's very important, Your Honor, in Section 403B, we think that in the very same sentence, Congress did use the word any and was trying to, we think, make a middle ground position between using the sentence, which would have referred to a final sentence, we think, and in contravention to Smith, might have suggested that any sentence that wasn't final would need to go back to resentencing. I mean, of course, both sides have some sort of statutory context arguments to deploy here, right? You say in the same section they used any when they meant any. The amicus says in the immediately subsequent subsection, they used final when they meant to do, say, final. So, I mean, those might just kind of cancel one another out. Well, we think they do, which is why, I'm sorry, A sentence is the middle ground position, Your Honor, because had Congress said has any sentence been imposed, I think notwithstanding the use of the present perfect tense, that would have asked a retrospective question for the court. I guess I understand that A doesn't mean any, but, again, going back to Judge Barrett's opinion in Ariarte, she seemed to suggest that what it means is any kind of sentence. A sentence means one that could be of any kind, and that seems to be consistent with how the indefinite article is used. Not that it's anything under the sun, but that it's any kind of thing, and that would seem to include that which has been vacated, would it not? So, Your Honor, again, I think in some context it can mean that, but in the particular context of this provision, I'm not sure Congress could have achieved the middle ground we understand it to have done so without referring to A, because it was trying to avoid any sentence and the sentence. And so, I think, sorry, I want to turn your attention for a moment to Burke, and I wonder what if any consequence you think that has to the analysis, because in Burke we said when a court in our in its entirety, after vacator, the original sentencing has no validity or effect. The vacated sentence, including any enhancements, is wholly nullified and the slate is wiped clean. That clean slate requires a district court to consider pre-vacator sentences because a district court conducts a resentencing as if no initial sentencing ever occurred. So, have we said that the legal effect of vacator is as though sentence was never imposed in the first place because otherwise there would be a consequence that flowed from it, and we've said that no consequences could flow? So, as a legal matter, yes, Your Honor, and that's why I think at resentencing the district court would say a sentence at that point has not been imposed. Where we, I think, part ways is as we set forth in our brief, we don't think Congress drafts statutes among some, in the meaning of a sentence, that means Congress can never or doesn't typically refer to it. Yeah, that may be so, but under our prior precedent rule, if we have explained what the effect of a prior sentencing is, aren't we bound to have to comply with that as long as there's nothing that the plain text contradicts? So, Your Honor, I guess what I would say is I think you are, to the extent, bound to the extent you agree that there isn't a sentence imposed at time of resentencing. I guess I wouldn't read into that decision, though, a view that in terms of interpreting the term a sentence in any statute, that means that it can never refer to a sentence that has since been vacated. And that's why, as a matter of construction, and that's why I say don't we have to read the term a sentence in the context that it's modified by that has not been imposed? Yes, I agree with that context. If I could just go back, Judge Newsom, to the as of clause, because I want to make very clear. It is context specific, and if I could just give you an example that I think illustrates this. If I were a store clerk and I said we had charged customers an additional fee as of Monday, I think everyone would agree I'm referring backwards to a charge that was assessed at least through Monday. But if I instead said we are charging customers an additional fee as of Monday, I think in that context, including the use of the present tense, that makes clear that I'm referring to a fee that's charged forward after Monday. And Congress sometimes does draft sentencing reform legislation to say that certain statutory penalty changes should apply, you know, after 10 days after enactment or on a date certain in the future. Counsel, sorry, I don't want to interrupt, but we have a minute left and I think you made your point. What do we do with the fact that the sentence here was only vacated as to one count and solely as to that thing, at least until the time of the resentencing itself? So your honor, I read the decree to language from the R&R differently and I'm looking at pages 20 and 21 of document 15 in the district court civil proceeding. So the court, you're right, did grant the motion and vacated the conviction and sentence on count three solely. But then it went on in paragraph three to order move it be resentences in accordance with page Fowler makes clear that it unbundles the sentencing package. And no resentencing would have been necessary had the court just vacated the sentence on count three. Because under 2055, of course, a court can just correct a sentence. I guess my question is this. There's a difference between a court has the authority at the time of resentencing to reconsider it all under the sentencing package. And what is the state of the sentence from the point of resentencing? Because that seems to be the period with which we're talking about. And it seems to me that until the court imposes the repackage sentence, meaning rejiggers the whole thing, up until that point, all that's vacated is one thing. And how does that, assume I'm right on that for the moment, how does that affect your argument? So I want to come back to why disagree. But if you were right, your honor, if you don't think the sentence was ever vacated. No, I think one count was vacated. Okay, but if you don't think the remaining 924 C's were vacated, in particular the successive sentence, then we would agree that section 403 does not apply. And we made very clear that under like the Third Circuit's decision in Hodge, there's a Fifth Circuit case called Solorzano, where a court of appeals expressly affirmed a 924 C sentence, but sent back for resentencing on other counts. If the decretal language affirms those sentences, there's no basis to apply section 403. But we disagree with how to read that. And I understand that. Great. All right. Thank you, counsel. Thank you, your honors. We'll hear next from Mr Cozy. Good morning, and may it please the court. My name is Paul Cozy, and I'm the court appointed amicus. This appeal requires the court to interpret a Section 403 B conditions retroactivity of the First Step Act on whether a sentence for the offense has not been imposed as of such date of enactment. As our brief explains, this issue begins and ends with the text of the statute itself. Now, our brief walks through the textual arguments and the two statutory components were focused on, which is a sentence and has not been imposed. But today I want to address the two primary arguments that the both in its response brief and here today at oral argument. Can I ask you a question before you do that? Sure. Um, so Section 401 A refers to quote a violation for this subsection that occurs after a prior conviction under this subsection has become final, right? And so my question is, do you agree that under Supreme Court precedent and our precedent um, actually really Supreme Court precedent in the form of Griffith, a conviction is final quote when a judgment of conviction has been rendered the availability of appeal exhausted and the time for a petition for searcher certiorari elapsed or a petition for certiorari finally decided. You agree? Yes. Okay. So then would you also agree that a conviction that is final under this definition can later be vacated through habeas? Yes. Okay. So let's just say for purposes of this hypothetical that a defendant commits a qualifying predicate crime and his conviction becomes final in that the judgment or conviction has been rendered. The availability of appeal has been exhausted and the time for petition for cert has elapsed or a petition for cert has been finally decided. And all of that happens before he commits the current offense, but also before he commits the current offense, the conviction for the first offense is vacated, let's say in habeas. Um, so under your interpretation of the plain text of Section 403 A, would we include that prior conviction that has since been vacated even though the first offense was vacated and it's still implied, still apply the enhanced penalty because regardless the current offense occurred after the prior conviction became final by the definition that we've discussed. So I don't think that our brief has provided an interpretation of 403 A. So I cannot answer that today. But you have to a certain extent because you've you use the fact that the word final in 403 A exists to say that the fact that it it's important to determine what the word final and 403 A means, isn't it? Because if the word final and 403 A does not include sentences that have been vacated, then what does it tell us about anything about sentences in 403 B? The purpose of our argument with respect to 403 A. Your honor is simply that Congress could have said a final sentence in 403 B. But isn't it important what the word final means there? Like if final includes vacated sentences, then you might be right about that the significance of it's not being there in 403 B. But if final does not include vacated sentences, then it seems to me meaningless that Congress did not include the word final in 403 B. Sure. I think that the 403 A statutory neighbor argument is not a, it's not a big part of our brief. Um, and I think Judge Newsome said earlier today that there that the government has its own argument related to that. I think the bigger part of our argument is the indefinite article and the and the meaning of the word imposed. Um, so I do want to address your honor the perfect, the present perfect tense argument because I think the government has spent time on that today and in its brief. So all parties agree that the statute uses the present perfect tense. The government though contends that Congress has used the present perfect tense refers to a state of affairs now or in the present rather than at some earlier point in time. Um, this is incorrect for several reasons. First of all, the Garner definition that both parties site refers to two conditions. It's either an act state or condition that is now completed or an act state or condition that continues up to the present. So the government is pretending is as if the first part of that definition doesn't exist. Um, and so can I ask you a question about this? Am I wrong to be hung up on the as of language in the statute? It just seems to me that it would have been exceedingly odd to frame it in the past. Perfect. Am I am I getting my tenses right? The had just seems like it would have been exceedingly odd when you're writing a statute sort of in real time that says as of today in effect, I agree your honor. Um, and I think that to the extent the up to the present definition applies, um, this court's decision in Hanoi in 2019 explains how to interpret the present perfect tense when there's an enactment date tied to it when there's an as of enactment date. So as you said earlier, Congress is writing in real time. And so when it's discussing the enactment date, it has used the present perfect tense. So when Hanoi said is that nothing in the text or context of this application note provides any reason to think that the present to which the present perfect phrase has not yet expired refers to is any time other than contemporaneous with the enactment of the text by Congress. So interpreting that to this case, that means that, um, the present for the purposes of the present perfect tense is not the present at resentencing. It's the present up to December 21st, 2018, which is the time of enactment. So the government's reading of the present perfect tense can't be reconciled with Hanoi. Can I ask you what I think in my mind is the hardest question for your side of this, so to I find putting my cards on the table, your statutory arguments pretty compelling. Um, when I step back and think, why would Congress have done this in a statute that's otherwise sort of laden with grace? It does seem weird. Um, so can you just, like, respond to the weirdness? Sure. Um, I'll begin by saying that the court's role is to interpret the language of the statute as written, but to the extent the panel is interested in a purpose of 403B as it's written, I think, uh, an example would be most appropriate. So you have two co-defendants. They're sentenced on the exact same day, the exact same crime. They received the same original sentence. Um, one co-defendant, his sentence is vacated and remanded, and he's resentenced before December 21st, 2018. The second co-defendant, for whatever reason, his appeal just takes longer. And that co-defendant is his sentence is vacated and remanded, let's say, on December 23rd, 2018. And then he's resentenced shortly after. Those two co-defendants who committed the exact same crime would have wildly different sentences. But that could happen anyway. I mean, you could have a situation where both their co-defendants, they're involved in a conspiracy. They are convicted before the date of effectiveness. But for whatever reason, one defendant is sentenced before the date of effectiveness, and the other is sentenced afterwards. And they would have completely different sentences. I mean, you wouldn't disagree with that, right? I mean, that's what the terms of the statute require. Sure. I think that Congress's decision as to where to draw the line for retroactive effect will always yield results that seem arbitrary. That's what Judge Kethledge said in the Carpenter case. Yeah, but that's true. However, there are different ways that things can seem arbitrary. And, you know, one of the ways that it can seem arbitrary is everybody who's sentenced before this date, you know, this is just the cutoff date. And everybody who's sentenced before this date, that's just how it is. And only the people who are sentenced after this date get the benefits. The other way, and the other way that it could yield arbitrariness is everybody who's first sentenced, whether or not it's vacated later or not, you know, before the date does not get the benefits, even if they're sentenced later after the date. Then you have the arbitrariness of not just there's a time cut off and everyone who's sentenced before is sentenced one way and everybody who's sentenced after is sentenced the other way. But now you have everybody who's sentenced before is sentenced one way. And then the people who are sentenced after are sentenced in two different ways. So now you've got like three kinds of sentencing piles. You know what I'm saying? Sure. I think, though, that this business of trying to read in the purpose of the First Step Act, it's very complicated. And I think it's not necessary here. We have clear, unambiguous statutory language, and the court's role is simply just to interpret that language. Can I ask you one further just language question? This is what I think, in my mind, anyway, is the hardest language question for you. Would there be a circumstance in which, imagine district court imposes, pronounces a sentence, and then that sentence is vacated before the First Step Act comes into existence? Is that still a sentence that has been imposed? I think so, Your Honor. I think some circuits have said that that's a different question. But I think that under our statutory analysis, it is any sentence that's being imposed. So it does not change the result. Okay, that's helpful. Thank you. What do you make of our statements in Burke and Stinson about the effect of vacating a sentence? Sure. So Burke, if I recall correctly, involved three sentences, involved an original sentence in 2010, a state court sentence in 2011, and then a resentencing that occurred around 2016. Yes. The question in Burke is, is that 2011 state court sentence, is that a prior sentence for the purposes of the sentencing guidelines? But really, Burke's holding turned on the definition of a prior sentence. I think the definition is... To a certain extent it did, except that the fact of the matter is that in getting to why this does not count as a prior sentence, we said that when you vacate a sentence, that it is null and void, we wipe the slate clean, it has no effect, no consequences can flow from that prior sentence. And so I wonder, I mean, doesn't it seem like a consequence is flowing from that prior sentencing if we are choosing to apply the earlier First Step Act deadline? Sure. So there's two things I would say to this. The first thing is this broad language on vacater is also in the Sixth Circuit, and the Sixth Circuit decided this issue in Jackson and still concluded that vacater did not remove the historical reality of sentence. The second is that Section 3742G, sentencing upon remand, requires the court to apply the guidelines in effect on the date of the previous sentencing. So I think that's very similar to what's going on as a temporal marker. It's not giving legal effect to the sentence itself. It's simply saying we, Congress, are comfortable with courts looking simply to that date, because we've cited a number of different cases and contexts in which vacater does not, it does not erase the underlying historical fact of a conviction or a sentence. If this was a partial vacater, well, I guess my question to you is, do you believe this was a partial vacater? And if it is a partial vacater, how does that affect the application of 403B? Admittedly, Your Honor, I have not considered the sentencing packaging doctrine, so I can't answer that question. Do you answer the first part, though? What do you think that, what was the nature of what happened in the district court before the actual resentencing hearing? I believe it was a partial vacater, but I would have to confirm. I also want to, I want to address something that Judge Rosenbaum said earlier. Counsel, I'd like to talk about imposed, because that seems to be the part of the distinction here. If imposed is pronounced, that doesn't seem to have the same kind of effect that I think that we've been talking about here in terms of vacating a sentence and whether it's void ab initio or not. In other words, judgments are vacated, orders are vacated, and they are void ab initio. And I think there's some intellectual understanding of that. But if imposed, if a sentence imposed is that which was pronounced orally, that's not something that we traditionally understand as ever having been vacated. It exists. There's a transcript. Words were spoken. They are out into the world and cannot be undone. How do, how do we undo that? Are those, is there any indication that that is ever considered void ab initio? No, I agree, Your Honor. I think you said earlier that pronouncements are not vacated and we agree, um, that is, that's what Smith held, but it's not just what Smith held. Is there any authority that pronouncements can be vacated? No, there's not. Not that I'm aware of, Your Honor. Well, let me ask you something. If we said that the original sentencing has no validity or effect, are impositions of sentence, do they occur at the original sentencing? In ordinary usage, yes. Okay. So, so that would mean that the original sentencing has no validity or effect. That's what we said. We said that in Burke. Right. And then the question is whether it nonetheless happened. Right. And I think that. Well, whether it happened or not, the question is whether it had an effect. Right. There's no, it cannot have an effect. If, if we say it has no effect and then we're using it to have an effect under the first step act, doesn't that seem to conflict with what we said in Burke? Well, I don't think we're giving legal effect to the original sentence here, but respectfully, Your Honor, I think that your reading is, could be supported if Congress had just rewritten the statute in a slightly different way. For example, if it said, um, if a defendant does not have a sentence currently in effect, that language places the emphasis on the continuing legal validity of the sentence itself. So that's not the language here. The language here. That gets us right back to the first question I asked you. So again, Congress used the word final in part a, you said that has significance, but you've also agreed that it can include a sentence that was vacated, right? It can't because otherwise you'd have to sentence somebody under the first step act for a prior conviction that was vacated and you said we wouldn't do that under the language. So, I mean, I think that brings us right back to where we started. Sure. I think the key question here is what is the focus of the language in 403B? And I think then Judge Barrett had it exactly right when she said that the word imposes puts the focus on the district court. One could imagine, um, a variety of different ways Congress could have put the focus on the continuing legal validity of the sentence, but that's not the statute that we're looking at. And what Smith said is we're not allowed to rewrite statutes. All right. Thank you very much, Mr. Cozy. I know you were appointed and we very much appreciate you're taking this on. Thank you. All right. And we'll hear again from, from Mr. Flores. Yes, your honor had a question about, uh, Smith. I think Smith is different. It was, it wasn't a case where vacater had occurred. I guess it was definitely different. And I tried to sort of preface that in my question, the procedural posture, definitely different. But what we said there about the nature of imposition, I'm not sure is different. And I'm not, I just don't feel like it's quite been explained to us yet. Why, what we said in Smith, how we characterized imposition in Smith, why it shouldn't hold here. You know, we said imposition it's imposed when it's imposed. And then to sort of, you know, to flesh that out a little bit, we said it's imposed when it's pronounced, pronounced as something that happens in open court in real time. As judge Lux says, the words are in the air. So why isn't that explanation of imposition likewise binding here? I don't think the, uh, the imposition in open court has any validity legally until the judgment and commitment order is issued. Uh, that's the final judgment. Does that matter though? In other words, if the question really is, and I think I phrased it this way, whether we talk about legal effect or historical fact, I agree with you. The oral pronouncement doesn't really have any legal effect until the judgment's entered only, I think the only exception might be if there's a, just, if there's a disparity between the two, but beyond that, it doesn't have legal effect, doesn't that mean by nature that we're talking about historical fact and not legal effect? I'm, I'm of the view judge, judge that, uh, if, uh, if a sentence is later vacated, that it has no, no validity, validity whatsoever. It might not have validity. I think judge Lux question is it might not have validity. I'm not even really sure that we're disputing that, but it nonetheless occurred, it nonetheless was pronounced. That's correct. And, and Mr. Hernandez has had three sentencings that have occurred and it's possible that none of them have been valid. Yeah. So, I mean, there again, I, I guess I'll say to you what I said to the government's lawyer, I sort of feel like when you say that you've given up the game, if, if you say he's had three sentences that were imposed, all this statute requires is one sentence that was imposed. And if he's had three that were imposed and he's definitely had one that was imposed and it just seems like at that point, the language is what the language is. You know, and I think both sides on the amicus argument, uh, suggest that it's, it's clear what the statute says. I don't think it is. There's, there's differences among the circuits. There's different differences among the court here, the panel, uh, on, on either side of the table here, there's differences. Can I ask you one, um, further question to a, uh, just a point that the amicus made during his presentation, he said, and this makes some sense to me that if you read the, all the 403B, it says, look, this I'm paraphrasing, but you know, this applies to preact offenses, but only if in effect they haven't sort of run the normal course. Right. And if Congress is really just looking for like a logistically convenient sort of deadline, isn't, wouldn't it be more appropriate to think about the actual imposition in time of the, of a sentence instead of like, well, 20 years into the future, that thing might've been vacated. And now we've got to reassess whether this statute ever applied or not. I think that 2255 proceedings are in the normal course. And, uh, so I, I'd say 20 years is, is, is within the time limits. Okay. Okay. All right. Thank you, Mr. Flores. And I see you were also appointed. We appreciate your assistance. Alrighty. The next case is.